## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES STROUSE, #15976-078, | ) |
| | ) |
|                 Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 20-cv-00694-JPG |
| | ) |
| USA, | ) |
| WILLIAM BARR, | ) |
| WARDEN – FCI GREENVILLE, | ) |
| and JOHN DOES 1-200, | ) |
| | ) |
|                 Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of an "Emergency Preliminary Injunction/Temporary Restraining Order" filed by Plaintiff James Strouse on July 15, 2020. (Doc. 1). Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP). He transferred from the United States Penitentiary in Marion, Illinois, to the Federal Correctional Institution in Greenville, Illinois, in late June 2020. (*Id*. at 1-5). In his motion, Plaintiff complains that he was denied access to his legal paperwork and the electronic law library for two weeks at both facilities, including USP-Marion (June 7 – June 23, 2020) and FCI-Greenville (June 23 – July 6, 2020). (*Id*.). Consequently, he was unable to file briefs in three cases: *Strouse v. Warden*, No. 20-cv-473-SMY (S.D. Ill. filed May 20, 2020) (habeas action); *Strouse v. Warden*, No. 20-cv-379-NJR (S.D. Ill. filed April 28, 2020) (habeas action); *United States v. Strouse*, App. No. 4:09-cr-46-ALM-KJP-1 (5th Cir. dismissed May 21, 2020) (appeal). Plaintiff seeks a preliminary injunction and/or temporary restraining order: (1) declaring that he has been denied access to the electronic law library; and (2) prohibiting retaliation against him for filing this motion. (*Id*. at 5).

1

Due to the urgent nature of the request, the Court will take up this matter without delay. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

The Court notes three threshold problems. First, Plaintiff neglected to file a complaint with the motion. The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. In fact, "the first step in the action is the filing of the complaint." *Id.*, Advisory Committee Notes, 1937 Adoption. Without one, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine and Ctr. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). The motion cannot serve as Plaintiff's complaint here because Plaintiff identifies no basis for jurisdiction in it, such as 28 U.S.C. § 1331, *Bivens*, the Federal Tort Claims Act, etc. He also fails to mention any of the defendants in connection with his claims, making it impossible to determine whether he has stated (or could state) a claim against them. Given these deficiencies, the Court finds that no complaint has been filed and no action properly commenced.

Second, Plaintiff failed to pay the $400.00 filing fee for this action and did not submit an application for leave to proceed *in forma pauperis* (IFP). He incurred the obligation to pay a filing fee for the action when he file the motion.[1] *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). He can either prepay the full filing fee of $400.00, which includes an administrative fee of $50.00, or seek leave to pay a reduced fee of $350.00, which excludes payment of the $50.00 administrative fee, over time according to a statutory formula by filing a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the $50.00 fee.

(IFP Motion). On July 15, 2020, the Clerk of this Court notified Plaintiff of his obligation to pay the filing fee. (Doc. 2). He has been given thirty (30) days to pay the $400.00 fee or to file a properly completed IFP Motion. The Clerk warned Plaintiff that failure to do one or the other would result in dismissal of this case. This deadline has not yet passed, but Plaintiff's obligation remains.

Finally, the Court notes that none of Plaintiff's cases have pending deadlines—and certainly no briefing schedule. His criminal appeal was dismissed on May 21, 2020, more than two weeks before the events he describes in his motion. *See United States v. Strouse*, App. No. 4:09-cr-46-ALM-KJP-1 (5th Cir. dismissed May 21, 2020) (appeal). His two habeas actions have not even been screened. *Strouse v. Warden*, No. 20-cv-473-SMY (S.D. Ill. filed May 20, 2020) (habeas action); *Strouse v. Warden*, No. 20-cv-379-NJR (S.D. Ill. filed April 28, 2020) (habeas action). Therefore, Plaintiff's claim for denial of court access—much like his fear of retaliation—appears to be purely speculative at this point. Plaintiff should submit a motion for an extension of any anticipated deadlines in his habeas cases or his appeal, if he believes it is necessary to do so. To assist him, the Clerk's Office shall be directed to provide Plaintiff with a courtesy copy of the docket sheet in both habeas cases for his review and further action.

### Disposition

**IT IS ORDERED** that Plaintiff's Motion for Emergency Preliminary Injunction/ Temporary Restraining Order (Doc. 1) is **DISMISSED** without prejudice.

**IT IS ORDERED** that Plaintiff must file a Complaint on or before **August 14, 2020**, if he would like to proceed with this action. Plaintiff is strongly encouraged to use this Court's standard civil rights complaint form when doing so. He should list this case number (No. 20-cv-694-JPG) on the first page of the document. The Court will not accept a piecemeal amendment, so the

Complaint must stand on its own without reference to any prior document. It is also subject to preliminary review under 28 U.S.C. § 1915A.

**IT IS ORDERED** that the $400.00 filing fee for this action or a properly completed IFP Motion are due on or before **August 14, 2020**. (*See* Doc. 2).

Plaintiff is **WARNED** that failure to comply with this Order by the deadline set forth herein will result in dismissal of this case and imposition of a $400.00 filing fee for the action. *See* FED. R. CIV. P. 41(b). Further, regardless of whether Plaintiff files an IFP Motion, a separate order shall issue for the deduction of payments from Plaintiff's prison trust fund account until the respective fee is paid in full. *See* 28 U.S.C. § 1915(b).

The **CLERK** is **DIRECTED** to provide Plaintiff with a blank Civil Rights Complaint form and IFP Motion, as well as a copy of the docket sheet in *Strouse v. Warden*, No. 20-cv-473-SMY and *Strouse v. Warden*, No. 20-cv-379-NJR.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 16, 2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. District Judge**

4